# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 2-22-CR-200** |
| Plaintiff, | **JUDGE WATSON** |
| vs. | **INDICTMENT** |
| **JADDEN I. BEDELL,** a/k/a "Paco," | 18 U.S.C. § 371 <br> 18 U.S.C. § 922(a)(1)(A) <br> 18 U.S.C. § 924(a)(1)(D) |
| Defendant. | **FORFEITURE ALLEGATION** |

**THE GRAND JURY CHARGES:**

## COUNT 1
### (Conspiracy to Deal in Firearms Without a License)

1. Beginning on or about January 5, 2022, and continuing thereafter to on or about May 26, 2022, the exact dates being unknown, in the Southern District of Ohio and elsewhere, the defendant, **JADDEN I. BEDELL, a/k/a "Paco,"** knowingly and intentionally conspired and agreed with BRIAN R. CUNNINGHAM, TYSON RATHBURN, CHARLES L. JACKSON, a/k/a "Apollo," MARTINO D. LORENZI, ANTHONY D. REDMOND (indicted separately in Southern District of Ohio Case No. 2:22-cr-098), and other persons known and unknown to the Grand Jury, to commit an offense against the United States—namely, to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D).

## A.  THE FEDERAL FIREARMS LICENSE REQUIREMENT

2. Title 18, United States Code, Section 922(a)(1)(A), provides that it is unlawful for any person to engage in the business of dealing in firearms without a license.  The phrase "engaged in the business" means a person devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood or profit through the repetitive purchase and resale of firearms, such that the intent behind the sale of firearms is predominantly one of obtaining livelihood or pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection or making occasional sales, exchanges, or purchases.  The "business" need not be an individual's primary business, nor must he successfully obtain profits from it; rather, he must demonstrate a willingness to deal, a profit motive, and a greater degree of activity than occasional sales by a hobbyist.

3. Persons who lawfully deal firearms are required to obtain a Federal Firearms License, which is issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Those licensees (hereinafter referred to as "FFLs") are required to maintain records, whether written or electronic, of each and every firearm received, stored, sold, or traded.  That record, referred to as the "bound book," is required to be retained by the FFL as long as he or she is in business.  FFLs are subject to inspection by designated agents of the ATF.  FFLs operating in the State of Ohio are required to complete an ATF Form Number 4473 for each firearm transaction and submit the name, social security number, and date of birth of each buyer in each transaction to the Federal Bureau of Investigations ("FBI").  ATF Form Number 4473, among other things, is utilized to determine if the buyer may lawfully purchase a firearm.  Individuals who engage in the business of selling firearms without a license are in violation of Title 18, United States Code, Section 922(a)(1)(A).

**B. OBJECTS OF THE CONSPIRACY**

4. The objects of the conspiracy were to realize a profit from a regular course of dealing in firearms without obtaining a license and thus also avoid governmental oversight, tax consequences, and the necessity for completing background checks before selling firearms.

**C. MANNER AND MEANS OF THE CONSPIRACY**

5. It was a part of the conspiracy that a pair of separately indicted co-conspirators, BRIAN R. CUNNINGHAM and TYSON RATHBURN, both directly and using straw purchasers, purchased multiple firearms from FFLs located within the Southern District of Ohio.

6. It was further a part of the conspiracy that CUNNINGHAM and RATHBURN, both directly and using straw purchasers, purchased multiple firearms in single, bulk transactions rather than buying each firearm individually.

7. It was further a part of the conspiracy that CUNNINGHAM and RATHBURN turned around and posted those firearms for resale on websites such as Armslist.com at marked-up prices from their original purchase prices.

8. By February 2022, CUNNINGHAM and RATHBURN were in frequent contact with the defendant, **JADDEN I. BEDELL, a/k/a "Paco,"** along with separately indicted co-conspirators CHARLES L. JACKSON, a/k/a "Apollo," MARTINO D. LORENZI, and ANTHONDY D. REDMOND, regarding the sale of multiple firearms.

9. None of the conspirators possessed an FFL, as required by federal law to engage in the business of dealing in firearms. JACKSON and REDMOND, moreover, were prohibited by federal law from receiving any firearms that traveled in or impacted interstate or foreign commerce given JACKSON's pending felony indictment in Genesee County, New York, and REDMOND's prior felony convictions in Cuyahoga County, Ohio.

10. It was further a part of the conspiracy that between February 2022 and March 2022, CUNNINGHAM and RATHBURN negotiated the sale of more than one hundred firearms to **BEDELL**, JACKSON, LORENZI, and REDMOND, collectively.

11. It was further a part of the conspiracy that between February 2022 and March 2022, **BEDELL**, JACKSON, LORENZI, and REDMOND made multiple trips from the Cleveland, Ohio metropolitan area to the Columbus, Ohio metropolitan area to take receipt of the firearms they had purchased from CUNNINGHAM and RATHBURN.

12. It was further a part of the conspiracy that **BEDELL**, JACKSON, LORENZI, and REDMOND were acquiring the firearms from CUNNINGHAM and RATHBURN with the intent that they would later resell, transfer, and dispose of the firearms for a profit.

### D. OVERT ACTS

13. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the co-conspirators committed various overt acts within the Southern District of Ohio and elsewhere, including but not limited to the following:

   a) On or about January 13, 2022, BRIAN R. CUNNINGHAM purchased seven firearms from George Washinguns LLC in Commercial Point, Ohio.

   b) On or about January 14, 2022, BRIAN R. CUNNINGHAM purchased sixteen firearms from Frazier Firearms LLC in Ashville, Ohio.

   c) On or about January 21, 2022, TYSON RATHBURN purchased five firearms from Frazier Firearms LLC in Ashville, Ohio.

   d) On or about January 27, 2022, TYSON RATHBURN purchased three firearms from Rural King in Ashville, Ohio.

e) On or about February 24, 2022, BRIAN R. CUNNINGHAM and TYSON RATHBURN sold nine firearms to **JADDEN I. BEDELL, a/k/a "Paco,"** and MARTINO D. LORENZI at a gas station near New Albany, Ohio, for a combined purchase price of $3,300. CUNNINGHAM and RATHBURN documented this sale on Sales Receipt #672960.

f) On or about March 3, 2022, BRIAN R. CUNNINGHAM sold six firearms to CHARLES L. JACKSON, a/k/a "Apollo," near the Rural King in Marysville, Ohio, for a combined purchase price of $2,100. CUNNINGHAM documented this sale on Sales Receipt #876264.

g) On or about March 4, 2022, BRIAN R. CUNNINGHAM purchased fifty firearms from George Washinguns LLC in Commercial Point, Ohio.

h) On or about March 5, 2022, TYSON RATHBURN sold nine firearms to **JADDEN I. BEDELL, a/k/a "Paco,"** MARTINO D. LORENZI, and ANTHONY D. REDMOND near a Dollar General store in Ashville, Ohio, for a combined purchase price of $3,000. RATHBURN documented this sale on Sales Receipt #872951.

i) On or about March 9, 2022, BRIAN R. CUNNINGHAM sold five firearms to CHALRES L. JACKSON, a/k/a "Apollo," at a gas station near New Albany, Ohio, for a combined purchase price of $1,750. CUNNINGHAM documented this sale on Sales Receipt #672984.

j) On or about March 9, 2022, BRIAN R. CUNNINGHAM sold an additional four firearms to CHARLES L. JACKSON, a/k/a "Apollo," at the same gas station near New Albany, Ohio, for a combined purchase price of $800. CUNNINGHAM documented this sale on Sales Receipt #672985.

k) On or about March 11, 2022, BRIAN R. CUNNINGHAM purchased three firearms from George Washinguns LLC in Commercial Point, Ohio.

l) On or about March 11, 2022, BRIAN R. CUNNINGHAM purchased an additional twelve firearms from George Washinguns LLC in Commercial Point, Ohio.

m) On or about March 11, 2022, BRIAN R. CUNNINGHAM and TYSON RATHBURN arranged for RATHBURN's associate, W.R., to make a straw purchase of fifty-eight firearms on their behalf from George Washinguns LLC in Commercial Point, Ohio.

n) On or about March 12, 2022, TYSON RATHBURN sold thirty-two firearms to CHARLES L. JACKSON, a/k/a "Apollo," near a Dollar General store in Ashville, Ohio, for a combined purchase price of $10,940. RATHBURN documented this sale on Sales Receipt #872952.

o) On or about March 14, 2022, TYSON RATHBURN sold seven firearms to CHARLES L. JACKSON, a/k/a "Apollo," at a rental office near Ashville, Ohio, for a combined purchase price of $3,950. RATHBURN documented this sale on Sales Receipt #872955.

p) On or about March 16, 2022, BRIAN R. CUNNINGHAM and TYSON RATHBURN arranged for RATHBURN's associate, M.C., to make a straw purchase of sixty-seven firearms on their behalf from George Washinguns LLC in Commercial Point, Ohio.

q) On or about March 19, 2022, TYSON RATHBURN sold forty-two firearms to **JADDEN I. BEDELL, a/k/a "Paco,"** and CHARLES L. JACKSON, a/k/a "Apollo," near a gas station in Marengo, Ohio, for a combined purchase price of roughly $14,000. RATHBURN, at CUNNINGHAM's direction, no longer documented their illegal firearms sales on a sales receipt.

r) In late-March 2022, the owner of George Washinguns LLC and TYSON RATHBURN both warned BRIAN R. CUNNINGHAM that ATF agents had been investigating the recent straw purchases that CUNNINGHAM and RATHBURN had arranged. CUNNINGHAM subsequently discarded fourteen firearms that he believed were straw-purchased by W.R. and/or M.C. in a dumpster in Marysville, Ohio. CUNNINGHAM also discarded his remaining sales ledgers and a laptop computer that he used to facilitate his illegal firearms dealing in a nearby dumpster.

s) Between March and May 26, 2022, **JADDEN I. BEDELL, a/k/a "Paco,"** and CHARLES L. JACKSON, a/k/a "Apollo," began communicating with an individual they believed to be associated with TYSON RATHBURN to continue their bulk firearm purchases. In truth, that individual was an undercover ATF agent.

t) On or about May 26, 2022, **JADDEN I. BEDELL, a/k/a "Paco,"** CHARLES L. JACKSON, a/k/a "Apollo," and MARTINO D. LORENZI traveled together to the Southern District of Ohio to complete the purchase of sixteen firearms from that undercover agent. JACKSON provided the undercover agent with $5,200 for the purchase of those firearms, and **BEDELL** and JACKSON provided their identifying information to complete a bill of sale.

**All in violation of Title 18, United States Code, Section 371.**

## FORFEITURE ALLEGATION

13. The allegations contained in Count 1 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America under 18 U.S.C. § 924(d)(1).

14. Upon conviction of Count 1, the defendant, **JADDEN I. BEDELL, a/k/a "Paco,"** shall forfeit to the United States all firearms and ammunition involved in the aforementioned offense, including, but not limited to:

| | | | |
|---|---|---|---|
| a) | 6 rounds of assorted ammunition | (ATF Item #195) |
| b) | A SCCY Industries 9mm Pistol, S/N 267407 | (ATF Item #212) |
| c) | A SCCY Industries 9mm Pistol, S/N 296493 | (ATF Item #213) |
| d) | A SCCY Industries 9mm Pistol, S/N 296546 | (ATF Item #214) |
| e) | A SCCY Industries 9mm Pistol, S/N 296463 | (ATF Item #215) |
| f) | A SCCY Industries 9mm Pistol, S/N 296545 | (ATF Item #216) |
| g) | A SCCY Industries 9mm Pistol, S/N 305936 | (ATF Item #217) |
| h) | A SCCY Industries 9mm Pistol, S/N 267359 | (ATF Item #218) |
| i) | A SCCY Industries 9mm Pistol, S/N 267392 | (ATF Item #219) |
| j) | A SCCY Industries 9mm Pistol, S/N 296552 | (ATF Item #220) |
| k) | A SCCY Industries 9mm Pistol, S/N 296496 | (ATF Item #221) |
| l) | A SCCY Industries 9mm Pistol, S/N 305961 | (ATF Item #222) |
| m) | A SCCY Industries 9mm Pistol, S/N 305963 | (ATF Item #223) |
| n) | A SCCY Industries 9mm Pistol, S/N 296553 | (ATF Item #224) |
| o) | A SCCY Industries 9mm Pistol, S/N 296468 | (ATF Item #225) |
| p) | A SCCY Industries 9mm Pistol, S/N 267360 | (ATF Item #226) |

q) A SCCY Industries 9mm Pistol, S/N 267393 (ATF Item #227)

**Forfeiture pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

/s/ Foreperson
_____
**Foreperson**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

/s/ Norah R. Litton_____
**NOAH R. LITTON (0090479)**
**S. COURTER SHIMEALL (0090514)**
**Assistant United States Attorneys**

9